AO 243 (Rev. 09/17)

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | SOUTHERN OF TEXAS |
|---|---|---|
| Name *(under which you were convicted)*: OSCAR BENITEZ | | Docket or Case No.: 4:14CR059-2 |
| Place of Confinement: FCI BEAUMONT LOW-P.O. BOX 26020-BEAUMONT, TX. 77720 | | Prisoner No.: 67800-379 |
| UNITED STATES OF AMERICA RESPONDENT, | V. | Movant *(include name under which convicted)* OSCAR BENITEZ. |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging: Southern District of Texas
   US DISTRICT COURT-
   SOUTHERN DISTRICT OF TEXAS
   515 RUSK ST..
   HOUSTON, TX.77002

   (b) Criminal docket or case number (if you know): 4:-14CR-00059-002

2. (a) Date of the judgment of conviction (if you know): Nov 3, 2016

   (b) Date of sentencing: JULY 10, 2017

3. Length of sentence: ONEHUNDRED EIGHTYEIGHT (188) MONTHS

4. Nature of crime (all counts):
   I. Conspiracy to possess 5 kilograms or more of cocaine, in violations of Section 21USC 846, 841(a)(1) and 841 (b)(1) (A).
   II. &III Possession with intent to distribute 5 kilograms or more of cocaine, in violation of 21USC 841 (a)(1) & 841 (b)(1)(A)
   IV. Conspiracy to Launder Monetary Instruments in violation of 18 USC 1956 (a)(1)(B)(i)(h).

United States Courts
Southern District of Texas
FILED
OCT 11 2019
David J. Bradley, Clerk of Court

5. (a) What was your plea? (Check one)
   (1) Not guilty [X]   (2) Guilty [ ]   (3) Nolo contendere (no contest) [ ]

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?
   N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury [X]   Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes [ ]   No [X]

Page 2 of 13

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐

9. If you did appeal, answer the following:
   (a) Name of court: Firth Circuit Court of Appeals
   (b) Docket or case number (if you know): No. 17-20457
   (c) Result: Judgment Affirmed
   (d) Date of result (if you know): 7/26/18
   (e) Citation to the case (if you know): US v Oscar Benitiz
   (f) Grounds raised:
   Movant asserted that asserts that the evidence adduced at trial was insufficient to support his convictions. Also he further maintains that there was insufficient evidence to convict him of the drug conspiracy. Movant also asserted that the evidence was insufficient to convict him of possession with the intent to distribute cocaine. He argued that there was no evidence that he had actual or constructive possession of cocaine. He also argued that there was insufficient evidence to establish his guilt of conspiracy to launder money.

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒
      If "Yes," answer the following:
      (1) Docket or case number (if you know): N/A
      (2) Result: N/A

      (3) Date of result (if you know): N/A
      (4) Citation to the case (if you know): N/A
      (5) Grounds raised:
      N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: N/A
        (2) Docket or case number (if you know): N/A
        (3) Date of filing (if you know): N/A

AO 243 (Rev. 09/17)

    (4) Nature of the proceeding: N/A

    (5) Grounds raised:
N/A

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☐   N/A

    (7) Result: N/A

    (8) Date of result (if you know): N/A

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court: N/A

    (2) Docket of case number (if you know): N/A

    (3) Date of filing (if you know): N/A

    (4) Nature of the proceeding: N/A

    (5) Grounds raised:
N/A

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☐   N/A

    (7) Result: N/A

    (8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:    Yes ☐    No ☒

    (2) Second petition:   Yes ☐    No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:
N/A

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** INEFFECTIVE ASSISTANCE-MOVANT'S CONVICTION AND SENTENCE WAS OBTAINED WITHOUT AFFORDING HIM THE CONSTITUTIONAL RIGHTS OF EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movant submits that Counsel failed to act as an advocate in the representation of the proceedings against him. He asserts that the performance of counsel fell below the requisite standards established by the Bar and that counsel was not acting as counsel. Initially, Counsel failed to hold the government to the requisoite preponderance of proof as his actual involvement in the Conspiracy besides the testimony of codefendants who opted into a plea agreement in exchange for reduced sentences. Counsel had a duty to investigate the allegations surrounding the case, such as matching any amounts bank deposits, ledgers, and any evidence presented as having been derived from drug transactions to amounts of drugs claimed by the government and attributed to Benitez. Benitez is held accountable for all drugs calculated in the offense. Yet, no drugs were seized from his property, or directly from him. In the last set up controlled delivery of drugs supposed delivered to Benitez Ranch, the amount of drugs should have been deducted from calculation as it was an attempt to boost the guideline points by "sentencing factor manipulation". Counsel should have objected to this calculation of the amount of drugs. Counsel's failure to launch objections to the Presentence Report regarding the enhancements waived the claim and prejudiced Benitez.

In addition the failure to argue for a role assessment that was mitigating PSR as role was assessed at "Regular" Counsel did not raise this argument in the district court, where he made no objections to the PSR.

Defense counsel failed to present any evidence regarding similarly situated defendants or Movant's likelihood for recidivism. Counsel also did not use any offense mitigation to suggest a more reasonable sentence or a departure from the guidelines should be imposed. .

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:
Matters regarding the performance of counsel are not generally entertained on Appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):
N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐   N/A

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐   N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐   N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):
N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N/A

**GROUND TWO:** INEFFECTIVE ASSISTANCE, COUNSEL FAILED TO PRESENT THE CHARACTERISTICS OF THE DEFENDANT IN A SENTENCING MEMORANDUM BY FAILING TO DO SO, HE DEPRIVED THE DISTRICT COURT OF GIVING MEANINGFUL CONSIDERATION TO THE PARSIMONY PRINCIPLE, SECTION 3553.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Benitez further contents that his 188 month sentence is not reasonable is disparate as it does not comport with the tenets of 3553, He contends that without application of the parsimony principle, as instructed by the law, his sentence is a direct result of a denial of due process and a misapplication of the sentencing guidelines.

In fashioning a sentence the Court is required under Title 18 USC 3553 to consider the characacteristice of the offender as weill as the offense. The characteristice of the offense is generally outlined in the Indictment, more aptly the Presentence Report. The Offenders initial opportunity to present mitigating factors to the court is incumbent upon Counsel. Counsel generally always presents these characteristice in a Defendant's Sentencing Memorandum. Benetiz was prejudiced as counsel failed to bring the significant characteristics of the defendant to the attention to the court in a in a Sentencing memorandum. The District Court was deprived of the opportunity to consider many factors in fashioning the sentence for Benitez. Absent consideration of mitigating factors, characteristics od Benitez, his life, family, contributions in the business, his accomplishments, community, (the length of the offense is disparate).

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

Page 6 of 13

AO 243 (Rev. 09/17)

(2) If you did not raise this issue in your direct appeal, explain why:
Same as above

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):
N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐    No ☐    N/A

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☐    N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☐    N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):
N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N/A

AO 243 (Rev. 09/17)

**GROUND THREE:** MOVANT SUBMITS THAT THE CALCULATION OF SENTENCE BASED ON TOTAL AMOUNT OF DRUGS IN THE CONSPIRACY WAS A MISAPPLICATION OF THE SENTENCING GUIDELINES

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Benitez contends that Counsel failed to challenge he amount of drugs attributed to him and the scope of the conspiracy that his client embraced. Noted, no drugs were actually, physically seized from Mr. Benetiz, and there is no proof presented that all the drugs involved in the offense were foreseeable to him and could not be directly tied to him. The testimony of conspirators should not have been given the weight as to attribute the major role to him that translated into 188 months. The relevant conduct provision of the Guidelines, U.S.S.G. § 1B1.3, directs the sentencing court to consider all conduct deemed relevant to the offense of conviction in determining the base offense level. Specifically, the provision directs the sentencing court to include in the base offense level certain amounts in addition to those amounts the defendant was convicted of distributing.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:
Not raised due to the ineffectiveness of Counsel.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):
N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐   N/A

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐   N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐   N/A

AO 243 (Rev. 09/17)

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):
N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** MOVANT BENITEZ WAS SUBJECTED TO A 'TRIAL PENALTY'.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movant Benitiz was subjected to a "trial penalty". His primary infraction was not the role he played in the conspiracy, but not opting into a cooperation agreement, thereby refusing to give information regarding his co-defendant Mr. Penaloza.
A defendant's insistence on going to trial is a perfectly legitimate reason to pursue an increased sentence—even one that is wholly disproportionate to the underlying offense. • Among first-time drug defendants facing mandatory minimum sentences who had the same offense level and no weapon involved in their offense, those who went to trial had almost twice the sentence length of those who pled guilty (117.6 months versus 59.5 months). In this case of Benitiz, a large trial penalty was unavoidably coercive and contrary to the right to liberty and to a fair trial.
The sentences imposed on drug defendants who refused to plead is disproportionately and qualifies as cruel and inhuman. As with Mr. Benitez and the 188-month term imposed upon him,

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):
N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐   N/A

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐   N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐   N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):
N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:
NONE OF THE GROUNDS HAVE BEEN PREVIOUSLY PRESENTED IN FEDERAL COURT. FEDERAL RULES OF CIVIL PROCEDRE REGARDING COLLATTERAL ATTACKS REQUIRE THAT THEY BE PRESENTED IN THIS FORUM.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☒

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.
   N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At the preliminary hearing:

   (b) At the arraignment and plea:
   Mark W. Bennett- Bennett & Bennett
   917 Franklin, No. 400-Houston, TX 77002

   (c) At the trial:
   Same as above

   (d) At sentencing:
   same as above

   (e) On appeal:
   Baldemar F. Zuniga-6200 Savoy- Suite 354-Houston, TX. 77036

   (f) In any post-conviction proceeding:
   N/A     Movant appears pro se

   (g) On appeal from any ruling against you in a post-conviction proceeding:
   N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☒

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
   N/An

   (b) Give the date the other sentence was imposed: N/A
   (c) Give the length of the other sentence: N/A
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☒

AO 243 (Rev. 09/17)

18. **TIMELINESS OF MOTION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

   **THIS MOTION IS TIMELY FILED.**

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

    (1) the date on which the judgment of conviction became final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:
Remand for reduction in term in light of factors stated herein.

or any other relief to which movant may be entitled.

N/A
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on     10-8-19     .
(month, date, year)

Executed (signed) on     10-8-19     (date)

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.
N/A





